CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 3 0 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:06CR00038-09 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VOLNER MARSAILLE, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines. For the following reasons, the court will reduce the defendant's term of imprisonment.

On January 16, 2007, the defendant, Volner Marsaille, pled guilty to conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. He was originally sentenced to a term of imprisonment of 168 months. On April 8, 2008, the court granted a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines. The court reduced the defendant's term of imprisonment to 135 months.

Pursuant to its statutory authority, the United States Sentencing Commission has promulgated a permanent amendment to the sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, which implements the provisions of the Fair Sentencing Act of 2010 (Amendment 750). On June 30, 2011, the Sentencing Commission further decided that, effective November 1, 2011, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that

certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 29 and a criminal history category of III, resulting in a guideline range of imprisonment of 120 to 135 months.[*] On September 2, 2011, the court notified the parties that the court proposed to reduce the defendant's term of imprisonment from 135 months to 120 months. The parties were given 20 days to respond to the notice. As of this date, neither party has filed an objection. Consequently, for the reasons stated, the court will effect the proposed reduction. Specifically, the court will reduce the defendant's term of imprisonment from 135 months to 120 months. All other terms of the original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 28th day of December, 2011.

_Glen Conrad_
_____
Chief United States District Judge

---

[*] The low end of the guideline range constitutes the minimum term of imprisonment authorized by statute for the defendant's drug offense. See 21 U.S.C. § 841(b)(1)(A) (2007) (requiring a period of incarceration of not less than 10 years for an offense involving 50 grams or more of cocaine base). Although § 841(b)(1)(A) was recently amended by the Fair Sentencing Act, the changes to the statute do not apply retroactively to reduce or eliminate the mandatory minimum penalties to which the defendant was subject at the time of his original conviction. See United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011) (holding that the Fair Sentencing Act does not apply retroactively). Likewise, the amended guideline provisions applicable to crack cocaine offenses do not alter or affect the mandatory minimum penalties required by statute.